Dear Ms. Briehn:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. We restate your questions as per your correspondence:
 (1) Can the hospital governing board and the medical staff go into executive session to discuss sensitive issues and circumstances concerning the hospital?
 (2) Under what conditions can the hospital governing board and medical staff go into executive session?
 (3) Under what conditions can the hospital governing board go into executive session to discuss matters which are deemed confidential?
 (4) Must anyone other than the hospital board members be present while in executive session?
(5) When may a hospital governing board amend the by-laws?
(6) What is the procedure for amending the by-laws?
Questions 1, 2, and 3
Because your first three questions are closely related, we will avoid repetition by not answering each separately. The provisions of the Open Meetings Law (LSA-R.S. 42:4.1 through 13) apply to all public bodies, including a hospital owned by a parish or other political subdivision of the state. These provisions must be complied with unless the specific statutory exceptions which allow that public body to have a discussion within a closed, executive session are deemed applicable. LSA-R.S. 42:5 provides:
 Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
LSA-R.S. 42:6.1 states a public body may hold an executive session for specific reasons, certain reasons which we selectively quote below:
 (A)(1) Discussion of the character, professional competence, or physical or mental health of a person, provided that such person is notified in writing at least twenty-four hours before the meeting and that such person may require that such discussion be held at an open meeting, and provided that nothing in this Subsection shall permit an executive session for discussion of the appointment of a person to a public body. In cases of extraordinary emergency, written notice to such person shall not be required; however, the public body shall give such notice as it deems appropriate and circumstances permit.
 (2) Strategy sessions or negotiations with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.
 (3) Discussion regarding the report, development, or course of action regarding security personnel, plans, or devices.
(4) Investigative proceedings regarding allegations of misconduct.
 (5) Cases of extraordinary emergency, which shall be limited to natural disaster, threat of epidemic, civil disturbances, suppression of insurrection, the repelling of invasions, or other matters of similar magnitude.
* * *
 (8) . . . any other matters now provided for or as may be provided for by the legislature.
If records which are privileged under the Public Records Act (LSA-R.S. 44:1, et seq.) are to be discussed, then LSA-R.S42:6.1(A)(8) is properly interpreted to authorize an executive session to confidentially discuss the contents of the privileged records. See Attorney General Opinions 89-550 and 92-698, and 92-378, copies of which are enclosed.
Further, note there are other exceptions to the Open Meetings Law which are specifically applicable to hospital service districts. LSA-R.S. 46:1073 provides, in pertinent part:
 B. Notwithstanding the provisions of R.S. 42:4.1 et seq. or any other law to the contrary, a hospital service district commission may hold an executive session for the discussion and development of marketing strategies and strategic plans.
As noted, there are several situations which could arise prompting the hospital board of directors to call an executive session. However, from the information provided in your letter, we are unable to determine which specific factual situations you might desire addressed. Should the hospital board elect to call an executive session, the board should be advised that business during the executive session is limited to a discussion of those matters which are privileged. Any formal action by vote must be taken in open session. LSA-R.S. 42:6.
Question 4
We find no statute which mandates the presence of individuals other than the hospital board members while conducting an executive session. In fact, in some instances the presence of other individuals circumvents the underlying purpose of calling an executive session — to avoid public disclosure of those matters deemed confidential or otherwise privileged or exempt which should properly be discussed outside public purview.
Questions 5 6
We have been provided a copy of your bylaws. You ask us to determine when and how such bylaws may be amended.
We refer you to the provisions of LSA-R.S. 46:1060. That statute states "any hospital service district . . . created by a police jury . . . shall constitute a body corporate in law with all the powers of a corporation . . .". The Louisiana law governing corporations is found within the provisions of LSA-R.S. 12:1, et seq.; specific reference is made to LSA-R.S. 12:28 concerning by-laws, which provides in part:
 A. Unless the articles provide otherwise, the board of directors may make and alter by-laws, including by-laws fixing the directors' qualifications, classifications, number or term of office, or fixing their compensation, subject to the power of the shareholders to change or repeal any by-laws so made.
 B. The by-laws may contain any provisions relating to the business of the corporation, the conduct of its affairs, its rights or powers, or the rights or powers of its shareholders, directors, or officers, not inconsistent with law or the articles.
There is no statutory restriction concerning the time when an amendment to the by-laws may be made. It appears the hospital board of directors may amend the by-laws at any given time, as long as it is in conformity with any provisions governing amendment provided in the original by-laws.
There is in fact a provision governing the amendment of the by-laws. Article VIII of the bylaws governing the Jackson Parish hospital service district provides:
Amendments
 These bylaws may be amended by [the] affirmative vote of the two-thirds majority of the members present or represented by proxy at the annual or any special meeting of the service district provided a full statement of such proposed amendments shall have [been] published in the notice calling the meeting.
Your bylaws provide an answer concerning the appropriate vote necessary to amend the bylaws — a "two-thirds majority of the members present or represented by proxy at the annual or any special meeting of the service district. . . .". Your bylaws further require public notification of the proposed amendments to the bylaws. A copy of Roberts' Rules of Order would answer any particular questions concerning the formalities which should be followed in the conduction of a meeting to amend the bylaws. It is suggested that you retain a copy of the latest edition of this book, as it would no doubt prove helpful.
Finally, we enclose copies of Attorney General Opinions 91-339 and 89-265, which will provide further insight regarding the appropriateness of executive sessions in specific factual situations. Should you have further inquiries in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0278E